1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

BANK OF AMERICA, N.A.,

     Plaintiffs,

  v.

LVDG SERIES 113, established under LVDG, LLC, a Nevada series Limited-Liability Company, *et al.*,

     Defendants.

3:17-cv-00076-MMD-VPC

**ORDER**

  Before the court is the joint motion of plaintiff Bank of America, N.A. ("plaintiff") and defendant Saddlehorn Homeowners' Association ("Saddlehorn") to stay discovery pending the Court's ruling on plaintiff's motion for summary judgement. (ECF No. 21.)  Defendants Thunder Properties, Inc., ("TPI") and LVDG, LLC ("LVDG") responded (ECF No. 21.), and plaintiff and Saddlehorn replied (ECF No. 24).  The court has reviewed the relevant pleadings and papers, and, for the reasons set forth below, grants the motion to stay discovery.

    **I.  BACKGROUND**

  Plaintiff seeks declaratory relief and to quiet title against 14155 Quiet Meadow Court, Reno Nevada 89511; APN 150-201-12 ("property").  (*See* ECF No. 1.)  According to plaintiff's complaint, the facts are as follows.  In October 2005, Karen Celone ("Celone") acquired title to and ownership of the property.  (*Id.* at 4.)  Following Celone's refinancing in March 2008, all beneficial interest in the Celone Deed of Trust and Note were assigned to plaintiff in June 2012.  (*Id.*)  In July 2012, Alessi & Koenig, LLC, on behalf of Saddlehorn, recorded a "Notice of Delinquent Assessment Lien".  (*Id.*)  A "Notice of Default and Election to Sell Under Homeowners Association Lien" and a "Notice of Trustee's Sale" were recorded against the property in October 2012 and May 2013, respectively.  (*Id.*

at 4-5.)  The non-judicial foreclosure sale ("HOA sale") occurred on June 6, 2013.  In exchange for $62,000.00, Saddlehorn conveyed its interest in the property, if any, to LVDG.  (*Id.* at 5.)  In July 2015, a recorded Grant Deed indicated that LVDG transferred its interest in the property to TPI in consideration of $1.00.  (*Id.* at 5.)

The central issue in the case is whether, as a matter of law, the HOA sale conducted under NRS 116.3116 *et seq.* extinguished plaintiff's interest in the Deed of Trust.  Plaintiff argues that the "opt in" provisions of NRS Chapter 116 violate due process and are unconstitutional.  (ECF No. 21 at 2.)  Therefore, the HOA sale did not extinguish plaintiff's property interest and plaintiff's Deed of Trust remains an encumbrance on the property's title to this day.  (*Id.*)  Defendants argue that the HOA sale did in fact extinguish plaintiff's property interest and thus plaintiff has no claim to the property. (*See* ECF Nos. 23.)

On May 31, 2017, plaintiff filed a motion for summary judgment.  (ECF No. 20.)  Defendants LVDG and TPI responded on June 21, 2017, and plaintiff replied on July 5, 2017.  (ECF Nos. 22, 27.)  On June 20, 2017, plaintiff and Saddlehorn jointly moved to stay discovery pending resolution of the motion for summary judgment.  (ECF No. 21.)

## II.    LEGAL STANDARD

Courts have broad discretionary power to control discovery, including the decision to allow or deny discovery.  *See e.g., Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).  Under the Federal Rules of Civil Procedure, the court may stay or limit the scope of discovery upon a showing of good cause by the moving party.  Fed. R. Civ. P. 26(c).  Where appropriate, a stay of discovery "furthers the goal of efficiency for the court and the litigants."  *Little*, 863 F.3d at 685 (approving a stay pending resolution of the issue of immunity, where discovery would not have affected the decision).  Still, meeting the "good cause" requirement is no easy task.  The party seeking the stay must make a "strong showing" as to why discovery should be denied; broad statements about inconvenience, cost, or a need for protection are insufficient.  *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975); *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 503 (D. Nev. 2013).

To determine if a stay of discovery is appropriate, the court considers whether the pending motion is potentially dispositive of the entire case; whether the motion can be decided without additional discovery; and whether the court is convinced that the plaintiff cannot state a claim for relief. *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013); *First Am. Title Ins. Co. v. Commerce Assocs., LLC*, No. 2:15-cv-832-RFB-VCF, 2015 WL 7188387, at *2 (D. Nev. Nov. 13, 2015). This evaluation requires the court to take a "preliminary peek" at the merits of the underlying dispositive motion. *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 602-03 (D. Nev. 2011). This "preliminary peek" does not prejudge the outcome of the motion; it merely evaluates whether an order staying discovery is warranted. *Id.* at 603. In doing so, the court considers the goal of Federal Rule of Civil Procedure 1, which provides that the Rules should "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action." With Rule 1 as its prime directive, the court must decide whether it is more just to speed the parties along in discovery while a dispositive motion is pending or to delay discovery to accomplish the inexpensive determination of the case. *See Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997); *see also Twin City Fire Ins. v. Employers Insurance of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989).

### III.    DISCUSSION

The court finds that under the circumstances of this case, a stay is warranted. The primary issue in this case is whether the HOA sale conducted under NRS 116.3116 *et seq.* extinguished plaintiff's interest in the Deed of Trust. Therefore, the motion for summary judgment hinges on this specific legal question.

First, the summary judgment motion can be decided without any discovery, given that the essential claim is a matter of law. A string of three court cases are particularly relevant to this action: *Bourne Valley Court Tr. v. Wells Fargo Bank, N.A.*[1] ("*Bourne Valley*") ; *SFR Investments Pool I, LLC*

---

[1] 832 F.3d 1154 (9th Cir. 2016) *cert den.*, No. 16-1208, 2017 WL 1300223 (U.S. June 26, 2017) (holding that (1) the "opt-in" provision of the Nevada statute governing foreclosure liens by homeowner's associations, NRS 116.3116 *et seq.*, facially violates due process; and (2) statutes governing foreclosures of liens by homeowners' associations enacted by the Nevada legislature constitutes state action).

*v. U.S. Bank, N.A.*[2] ("*SFR*"); and *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortgage* ("*Saticoy Bay*")[3].  The Ninth Circuit Court of Appeals and the Supreme Court of Nevada are in tension with one another.  Notwithstanding this, the Honorable Judge Jones held, "[t]he *Bourne Valley* ruling is enough to settle the quiet title and declaratory judgment claims in favor of . . . " the beneficiary to the Deed of Trust "as a matter of law as to the HOA's foreclosure."  *Las Vegas Dev. Grp., LLC v. Steven*, No. 2:15-CV-01128-RCJ-CWH, 2016 WL 7115989, at *2 (D. Nev. Dec. 6, 2016), *reconsideration denied*, No. 215CV01128RCJCWH, 2017 WL 2259769 (D. Nev. May 23, 2017) ("*Las Vegas*").  Indeed, the facts of this case tightly track those of *Las Vegas*.  Further, the United States Supreme Court chose not to resolve the split, by denying the petition for *writ of certiorari* in *Bourne Valley*.  Therefore, it seems to this court that *Bourne Valley* likely supports plaintiff's claims as a matter of law.[4]

Second, plaintiff's motion for summary judgement may well be dispositive of the entire case.  Plaintiff requests summary judgment in its favor on its quiet title and declaratory relief claims on the bases that:  (1) the Ninth Circuit found NR 116.3116 *et seq.* (as it existed prior to the 2015 amendments) facially unconstitutional in *Bourne Valley*, which, plaintiff contends, is the controlling authority in this case; (2) the HOA sale was conducted under this unconstitutional statute; and (3) the Declaration of Covenants, Conditions, and Restrictions does not give the HOA lien priority over a prior recorded first Deed of Trust and puts defendants on record notice that the first Deed of Trust would remain intact.  (ECF No. 20).

In response to the joint motion to stay discovery, defendants LVDG and TPI stated that the pending motion for summary judgment should be denied without prejudice and the action should be

---

[2] 334 P.3d 408 (Nev. 2014) (finding that a homeowner's association's non-judicial foreclosure sale did not violate the due process rights of the lender that held the first Deed of Trust on the property and that the first Deed of Trust is extinguished by said foreclosure sale).

[3] 388 P.3d 970 (Nev. 2017) (holding that neither the Legislature's enactment of statutes, nor the HOA's non-judicial foreclosure constitutes state action).

[4] As Judge Leen observed in *Tradebay*, "taking a 'preliminary peek' and evaluating a pending dispositive motion puts a magistrate judge in an awkward position."  278 F.R.D. at 602.  "The district judge will decide the dispositive motion and may have a different view of the merits of the underlying motion."  *Id.*  Thus, this court considers plaintiff's motion for summary judgment not to prejudge the outcome, but to evaluate the probable likelihood of success.

stayed in its entirety pending the United States Supreme Court's review of *Bourne Valley*.  (*See* ECF No. 23).  However, as discussed above, the United States Supreme Court has denied the petition for *writ of certiorari* filed in that case.  Therefore, this court will not address this argument, as it is now moot.

Finally, the court does not believe that defendants LVDG and TPI will suffer prejudice or hardship if discovery is stayed.  In fact, their opposition does not raise any issues of potential hardship or prejudice, but instead focuses on the issues of law surrounding the case.  (*Id.*)

Accordingly, the joint motion for stay pending ruling on the motion for summary judgment (ECF No. 21) is **GRANTED**.

**IT IS SO ORDERED.**

DATED:  July 26, 2017.

_____
UNITED STATES MAGISTRATE JUDGE